IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY JOE GRUNDY, #190385, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-0016-MEF |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil action, Bobby Joe Grundy ["Grundy"], a state inmate, alleges that correctional and medical officials at the St. Clair Correctional Facility have denied him adequate medical treatment for a serious medical condition. Grundy further argues that based on this alleged denial of adequate medical treatment he should be considered and granted release on medical parole.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

**DISCUSSION**

A civil action asserting a violation of a prisoner's constitutional rights may be brought filed "in  (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The St. Clair Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the defendants personally involved in the medical treatment provided to the plaintiff reside in the Northern District of Alabama. Although by virtue of his position as commissioner of the Alabama Department of Corrections defendant Allen resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. The remaining defendant, the Alabama Board of Pardons and Paroles, is a state agency which is likewise subject to service by all federal courts of this state and commonly defends actions in all such courts. It is likewise clear from the plaintiff's recitation of facts that only correctional and medical officials assigned to the St. Clair Correctional Facility are personally involved in the alleged constitutional violations made the primary basis for the instant complaint. Moreover, the medical treatment about which the plaintiff complains is being provided to him at this institution which is within the jurisdiction of the Northern District of Alabama. Thus, it is clear to this court that the majority of witnesses and evidence

associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before January 29, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 16th day of January, 2009.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE